**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 20, 2020

Thomas W. Briggs, Esquire
Barnaby Grzaslewicz, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street, Suite 1800
Wilmington, DE 19801

Steven L. Caponi, Esquire
Matthew B. Goeller, Esquire
K&L Gates, LLP
600 North King Street, Suite 901
Wilmington, DE 19801

RE: *Kratos Defense & Security Solutions, Inc., v. Securitas Electronic Security, Inc.,*
Civil Action No. 2018-0910-MTZ

Dear Counsel,

I write to address the motion for reargument filed by plaintiff Kratos Defense & Security Solutions, Inc. ("Kratos"). You will recall that the motion is in response to my order granting Kratos leave to amend its complaint, conditioned on paying the reasonable fees and costs that defendant Securitas Electronic Security, Inc. ("Securitas") incurred in its reply brief and at argument on Securitas' motion under Court of Chancery Rule 12(c).[1] Under Rule 59(f), reargument will be granted only where the Court "overlooked a decision or principle of law that would have controlling effect or ... misapprehended the facts or the law so the outcome of

---

[1] Docket Item ("D.I.") 56 (citing *Lillis v. AT&T Corp.*, 896 A.2d 871, 879 (Del. Ch. 2005)).

the decision would be different."[2]  A motion for reargument is not a mechanism "to relitigate claims already considered by the Court."[3]

Kratos presented its reargument assertions in connection with its motion to amend.  I remain convinced that Kratos had notice of Securitas' theory that occasioned Kratos' amendment before oral argument, and sought leave to amend only upon discussing that theory with the Court.[4]  Kratos also addressed conditional allowance under *Lillis v. AT&T Corp.*[5]  Kratos' relitigation of these issues fails to support reargument.

Nor did I overlook a controlling principle of law.  I agree with Kratos that its actions are distinguishable from the plaintiff's "*volte-face*" in *Lillis.*[6]  But at bottom, *Lillis* points out that leave to amend and a conditional allowance are both discretionary.

---

[2] *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *1 (Del. Ch. Sept. 13, 2014).

[3] *In re ML/EQ Real Estate P'ship Litig.*, 2000 WL 364188, at *1 (Del. Ch. Mar. 22, 2000).

[4] D.I. 56 ("The Court's concern at the hearing ('that Kratos did not explain why it could not understand the specific adjustments to the closing statement') was simply a more focused version of Securitas' concern in its motion ('that Kratos's complaint failed to include the basic allegation that it could not understand that closing statement').  Reply at 4.").

[5] 896 A.2d at 879.

[6] Id.

> "A conditional allowance is within the court's discretion under Rule 15" for a reason. That option permits the court to balance the interest in deciding a case on its merits with the costs incurred when parties do not timely comply with pleading requirements.[7]

Under that balancing, this Court has declined to condition amendment on fees when "the plaintiffs' amendments represent good faith attempts to cure alleged pleading defects the defendants identified," as distinguished from *Lillis*, "in which the plaintiffs sought leave to amend only after defending their pleading with full briefing and oral argument."[8] The Court has awarded a defendant's fees upon amendment where the plaintiffs were "glib" and their actions "resulted in at least some unnecessary briefing and argument by Defendants, to say nothing of the toll on the Court's time and resources."[9] And it has awarded fees where, upon receiving the adversary's argument for judgment on the pleadings, the party with the pleading burden "chose not to seek leave to amend … and instead stood on its defective pleading, making a series of meritless arguments, only to beg for leave to

---

[7] *Cypress Assocs., LLC v. Sunnyside Cogeneration Assocs. Project*, 2007 WL 148754, at *19 (Del. Ch. Jan 17, 2007) (quoting *Lillis*, 896 A.2d at 879).

[8] *NACCO Indus., Inc. v. Applica Inc.*, 2008 WL 2082145, at *2-3 (Del. Ch. May 7, 2008).

[9] *Franklin Balance Sheet Inv. Fund v. Crowley*, 2006 WL 3095952, at *6 (Del. Ch. Oct. 19, 2006).

amend at oral argument. As a result, [the adversary] incurred substantial expense in briefing and arguing its motion. That expense is wasted by my decision granting . . . belated leave to amend."[10]

Here, the procedural posture, and balance between a decision on the merits and costs, more resembles *Lillis*, *Franklin Balance Sheet*, and *Cypress Associates* than *NACCO*. I conclude I did not overlook any controlling principle of law in exercising my discretion to grant a conditional allowance of leave to amend. Kratos' motion for reargument is **DENIED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

Cc:  All Counsel of Record, via *File & ServeXpress*

---

[10] *Cypress Assocs.*, 2007 WL 148754, at *19.